# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Thomas Hughes; and Beverly Hughes, | Case No.: 2:18-cv-2187-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Medical Depot, Inc. dba Drive DeVilbiss Healthcare; AMG Medical, Inc.; and Amazon.com Services, Inc., | |
| Defendants. | |

This matter is before the Court on Defendant Amazon.com Services, Inc.'s ("Amazon") Motion for Judgment on the Pleadings (Dkt. No. 25). For the reasons set forth below, the Court grants in part and denies in part the motion.

## I.    Background

On April 28, 2018, Plaintiff Thomas Hughes was using a Hugo Elite rolling walker, manufactured by Defendants Medical Depot, Inc. ("MDI") and AMG Medical, Inc. ("AMG") while visiting a museum in Georgia. (Dkt. No. 1 at ¶¶ 33 – 34.) While at the museum, Plaintiff sat on the walker and the frame snapped and Plaintiff fell, landing on his right hip and striking his head on the floor. (*Id.* at ¶¶ 36 – 37.) Plaintiff broke his right hip, and ultimately required surgery and inpatient rehabilitation. (*Id.* at ¶¶ 38 – 44.) Plaintiff purchased the walker in 2016 through Amazon.com, and Amazon shipped the walker to Plaintiff in South Carolina. (*Id.* at ¶¶ 24 – 25.) Plaintiff alleges that the product page for the walker on Amazon.com represented that the walker "has a 2 inch height adjustable built-in seat with backrest that provides a perfect place to sit and rest" and was "[d]esigned to support adults up to 300 lbs. and well suited for those that have conditions that compromise balance." (*Id.* at ¶¶ 29 – 30.)

Plaintiff filed the action in this Court on August 8, 2018, against Defendants MDI, AMG, Amazon and Amazon.com, Inc.[1] Plaintiff brought four causes of action: strict products liability, negligence, breach of warranty, and loss of consortium. Defendant Amazon moved for judgment on the pleadings, and Plaintiffs oppose the motion. (Dkt. Nos. 25, 30, 31.)

## II.    Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech.*, LLC, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) *quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (citations omitted).

Rule 12(c) motions limit the court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis*, 2013 WL 4585873 at * 1 (citation omitted). *See also Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12(c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (citation omitted).

## III.    Discussion

---

[1] Defendant Amazon.com, Inc. was dismissed by stipulation. (Dkt. No. 12.)

South Carolina follows the doctrine of *lex loci deliciti* for tort actions and applies the law of the state in which the injury occurred. *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001). Therefore, as the injury occurred in Georgia, the Court must apply the law of Georgia to the strict liability and negligence claims.

Plaintiffs, however, argue that the Court should decline to apply Georgia law under the "public policy exception." In general, under this exception South Carolina "will not apply foreign law if it violates the public policy of South Carolina." *Boone*, 345 S.C. at 14. Plaintiff argues that South Carolina adopted the comments to § 402A of the Restatement (Second) of Torts in applying strict liability to product sellers, *See* S.C. Code Ann. § 15-73-30, which state that "public policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them...." Restatement (Second) of Torts § 402A (1965). However, this statement falls short of meeting the public policy exception. As the Supreme Court of South Carolina explained, in order to decline to apply foreign law as "against the policy of our laws" a court must determine that the law "is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens.'" *Rauton v. Pullman Co.*, 183 S.C. 495, 191 S.E. 416, 422 (1937) (citations omitted). In other words, it is not enough for the foreign state's laws to be against the policy underlying a law, it must also be against "good morals or natural justice," or be otherwise prejudicial. *See, e.g. Dawkins v. State*, 306 S.C. 391, 393, 412 S.E.2d 407, 408 (1991) ("The 'good morals or natural justice' of our State are not violated when foreign law is applied to preclude a tort action for money damages...even if recovery may be had upon application of South Carolina law."). *See also Rogers v. Lee*, 414 S.C. 225, 235, 777 S.E.2d 402, 407 (Ct. App. 2015) (same).

Here, while Plaintiff identified the policy underlying South Carolina's statute, there is no indication that Georgia law, barring an action for strict liability against a seller, violates the "good morals or natural justice" of South Carolina. This is further supported by the fact that the "[t]he South Carolina case law finding violations of public policy pertain to 'prohibited marriages, wagers, lotteries, racing, contracts for gaming or the sale of liquors...' and interspousal immunity[.]" *Grimes v. Young Life, Inc.*, No. CV 8:16-1410-HMH, 2017 WL 5634239, at *5 (D.S.C. Feb. 17, 2017), *reconsideration denied*, No. CV 8:16-1410-HMH, 2017 WL 5640611 (D.S.C. Apr. 3, 2017), *and aff'd sub nom. Grimes v. Inner Quest Inc.*, 731 F. App'x 249 (4th Cir. 2018) (citations omitted). In contrast, courts in this District have refused to apply the public policy exception where foreign law would bar product liability claims. *See Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 583 (D.S.C. 2010) (applying North Carolina's shorter statute of repose that barred all claims in product liability action which included claims for strict liability and negligence). Therefore, the public policy exception does not apply here, and Georgia law applies to the claims for strict liability and negligence under the doctrine of *lex loci deliciti*.

Regarding strict liability, both parties agree that, under Georgia law, product sellers are excluded from coverage of the strict liability statute. *See* Ga. Code Ann. § 51-1-11.1; *Williams v. Pac. Cycle, Inc.*, No. 1:13-CV-875-ODE, 2015 WL 11215854, at *4 (N.D. Ga. Oct. 19, 2015), *aff'd*, 661 F. App'x 716 (11th Cir. 2016). (*See also* Dkt. No. 30 at 7.) Therefore, as the Complaint solely identifies Amazon as a seller, and not a manufacturer, Plaintiffs' claims for strict liability are subject to dismissal.

Regarding negligence, under Georgia law, "[i]t is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article, purchased and sold by him, for the purpose of discovering latent or concealed defects...." *Fed. Ins. Co. v. Farmer's Supply*

*Store, Inc.*, 252 Ga. App. 17, 19, 555 S.E.2d 238, 240 (2001) *citing King Hardware Co. v. Ennis*, 39 Ga. App. 355, 147 S.E. 119, 121 (1929). Further, a seller may assume that a manufacturer made a properly constructed product. *See Id.*; *Gaddy v. Terex Corp.*, No. 1:14-CV-1928-WSD, 2017 WL 3476318, at *6 (N.D. Ga. May 5, 2017) ("[defendant] was entitled to rely on the manufacturer's certification that the steel had the strength and grade represented."). Therefore, under Georgia law, Defendant Amazon was under no duty to test the rolling walker, and was entitled to rely on Defendants' MDI and AMG's alleged representation that the walker was weight-rated for 300 pounds. (Dkt. No. 1 at ¶ 31.)

Plaintiffs, however, argue that their negligence claims survive under Georgia law as a seller has a duty to warn "of dangers that are either actually or constructively known to the seller at the time of sale." *Williams v. Pac. Cycle, Inc.*, 661 F. App'x 716, 721 (11th Cir. 2016) *citing Farmer v. Brannan Auto Parts, Inc.*, 231 Ga. App. 353, 498 S.E.2d 583, 585 (1998). Plaintiffs, however, have not alleged any actual or constructive knowledge in the Complaint. Instead, at most Plaintiffs were able to identify a conclusory allegation that Amazon failed "to discover and warn plaintiffs," which is unrelated to whether Defendant Amazon had actual or constructive knowledge. (Dkt. No. 1 at ¶ 68(f).) Further, while Plaintiffs make brief reference to recent discovery of other users of the same walker experiencing similar defects, this claim is nowhere in the Complaint and therefore is not before the Court on this motion. Regardless, even if the Court could consider external evidence, Plaintiffs have not offered any exhibits or evidence of "similar frame fractures" being reported to Amazon. (Dkt. No. 30 at 9.) Therefore, Plaintiffs have failed to make out a claim for negligence against Amazon.

Finally, Defendant Amazon argues that Plaintiff fails to make out their breach of warranty claim. Amazon primarily argues that it properly disclaimed all warranties in its Conditions of Use.

(Dkt. Nos. 25; 25-1.) To begin with, though not addressed by the Parties, there is an outstanding issue regarding the choice of law for Plaintiffs' breach of warranty claims, as South Carolina law recognizes, that for a breach of warranty action, where "a transaction bears a reasonable relation to this State and also to another state or nation the parties may agree that the law either of this State or of another state or nation shall govern their rights and duties. Failing an agreement, this title applies to transactions bearing an appropriate relation to this State." *Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 90 (4th Cir. 1989) *citing* S.C. Code Ann. § 36-1-301.[2] Notably, the Conditions of Use identify Washington law as the applicable law for the transaction. (Dkt. No. 25-1 at 7.)[3]

Regardless, both South Carolina and Washington law allow for the exclusion and disclaiming of warranties through a conspicuous writing. *See* S.C. Code Ann. § 36-2-316; Wash. Rev. Code Ann. § 62A.2-316. While the Court may determine whether a writing is conspicuous under S.C. Code Ann. § 36-1-201, the Court is unable to do so here. Defendant Amazon identifies a prior decision from a court in this District, *Payne v. Amazon.com, Inc.*, No. 2:17-CV-2313-PMD, 2018 WL 4489275, at *4 (D.S.C. July 25, 2018), which held that Amazon's terms were sufficiently conspicuous to bind the plaintiffs there to an arbitration agreement. However, on a motion to compel arbitration a court may consider external evidence. *See Quality Plus Servs., Inc. v. AGY Aiken LLC*, No. 3:16CV727, 2017 WL 2468792, at *1 (E.D. Va. June 7, 2017) ("[b]ecause an arbitration clause functions as a specialized kind of forum-selection clause...the Court will consider evidence outside the pleadings on the Motion to Compel Arbitration.") (citations omitted). Indeed, as noted by the court in *Payne*, the placement of the notice and conditions of

---

[2] Formerly cited as S.C. Code Ann. § 36–1–105(1).

[3] The Court is permitted to consider documents that are "integral to the complaint and authentic." *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may consider attached documents "so long as they are integral to the complaint and authentic.").

use on Amazon's site is relevant to whether the terms were conspicuous. *See Payne*, 2018 WL 4489275, at \*5 ("a difference in placement is not insignificant. While the Second Circuit did not specify whether any particular attribute of the order page was dispositive, it indicated it would have looked more favorably on terms 'directly adjacent to the 'Place your order' button so as to indicate that a user should construe clicking as acceptance.'") *citing Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016) (overturning dismissal and finding that reasonable minds could disagree on whether Amazon provided conspicuous notice).

Here, in addition to this motion being limited to the pleadings, neither Plaintiffs nor Defendant Amazon have provided the Court with the type of detailed information regarding placement of the terms and conditions of use, both at the time of sign up and purchase, that would be necessary for the Court to determine whether the terms were conspicuous here. [4] *See Nicosia* 834 F.3d at 236 (2d Cir. 2016) (focusing on placement of terms in relation to "Place your order" button). Defendant Amazon asks that the Court take judicial notice of the placement of the Conditions of Use on Amazon's website on October 25, 2016. (Dkt. No. 25 at 7 n.1.) However, October 25, 2016, is the date on which the Plaintiffs purchased the walker, and therefore the placement of the terms and conditions creating a new account on that date is possibly irrelevant as there is no evidence regarding when the Plaintiffs created their account. (Dkt. No. 1 at ¶ 18.) Further, there are no allegations or evidence regarding the placement of the terms and conditions in relation to the "Place your order" button at the time of purchase. These deficiencies in the information before the Court highlight the fact that this issue is less amenable to disposition on a

---

[4] Indeed, the docket in *Payne*, relied on by Defendant Amazon, demonstrates that Amazon in that case provided the Court with extensive evidence regarding the placement of the terms and conditions of use, some of which was referenced on in the court's order. *See Id.*; Case No. 2:17-2313-PMD, Docket No. 31.

motion for judgment on the pleadings, and instead requires supporting evidence. Therefore, at the pleading stage, the Court finds that Defendant Amazon has not shown that it disclaimed its warranties and Plaintiffs' claim for breach of warranty survives.[5]

As Plaintiffs' claim for breach of warranty remains, Plaintiff Beverly Hughes'[6] claim for loss of consortium survives as well. *See Miles v. DESA Heating LLC*, No. CIV.A. 4:10-00521, 2012 WL 1038677, at *9 (D.S.C. Mar. 28, 2012) (denying summary judgment on loss of consortium claim where underlying breach of warranty claim survived summary judgment).

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Amazon.com Services, Inc.'s Motion for Judgment on the Pleadings (Dkt. No. 25). Defendant Amazon's motion is **GRANTED** as to Plaintiffs' claims for strict liability and negligence. Defendant Amazon's motion is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

April 23, 2019
Charleston, South Carolina

---

[5] Amazon also argues that Plaintiffs failed to make out a claim for breach of express warranty under South Carolina law. However, the Complaint properly makes out a claim for an express warranty, alleging an affirmation of fact, promise and description of the product, namely that Amazon represented that the walker was "designed to support adults up to 300 lbs." and that Plaintiff relied upon this description in purchasing the walker. (Dkt. No. 1 at ¶¶ 29, 30, 76.) *See* S.C. Code Ann. § 36-2-313; Wash. Rev. Code Ann. § 62A.2-313. Notably, the allegation here includes a specific promise that the walker would support adults up to 300 lbs., distinct from the type of puffery or generalized statements present in a case relied on by Defendant Amazon. *See Romig v. Pella Corp.*, No. 2:14-CV-00433-DCN, 2014 WL 7264388, at *8 (D.S.C. Dec. 18, 2014) (finding "years of comfortable ownership" to be a "generalized statement"). Therefore, at the pleading stage, Plaintiffs have made out a claim for breach of an express warranty.

[6] Plaintiff Beverly Hughes is the wife of Plaintiff Thomas Hughes. (Dkt. No. 1 at ¶ 82.)